#### UNITED STATES DISTRICT COURT
#### EASTERN DISTRICT OF LOUISIANA

**EUGENE LAMOND GUIDRY**                                    CIVIL ACTION

**VERSUS**                                                    NO. 17-5142

**STATE OF LOUISIANA, ET AL.**                           SECTION: "N"(1)

### REPORT AND RECOMMENDATION

Plaintiff, Eugene Lamond Guidry, a state prisoner, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983 against the State of Louisiana and Governor John Bel Edwards. In this lawsuit, plaintiff claims that he was "wrongfully convicted of crimes by the State of Louisiana without proof or evidence against me."[1] In his prayer for relief, he asks that he be released "with reasonable compensation."[2]

### I. Screening Standards

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires: "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint … is frivolous …." 28 U.S.C. § 1915A(b)(1).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides: "Notwithstanding any filing fee, or any portion thereof, that may

---

[1] Rec. Doc. 3, p. 4.
[2] Id. at p. 5.

have been paid, the court shall dismiss the case at any time if the court determines that ... the action … is frivolous ….." 28 U.S.C. § 1915(e)(2)(B)(i).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

## II.  Habeas Corpus Relief

As an initial matter, the Court notes that one form of relief requested by plaintiff is release from custody.[3] However, that form of relief cannot be granted in a civil rights action brought pursuant to 42 U.S.C. § 1983. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); accord Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994). Moreover, the undersigned declines to construe the instant complaint in part as a petition seeking habeas corpus relief because that would be an action in futility for the following reasons.

It is clear that an individual confined pursuant to a state court judgment must first exhaust his remedies in the state courts before seeking habeas corpus relief in the federal courts. 28 U.S.C.

---

[3] Rec. Doc. 3, p. 5.

§ 2254(b)(1). "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to *the state's highest court* in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

In Louisiana, the highest state court is the Louisiana Supreme Court. See La. Const. art. V, § 5(A). On June 13, 2017, the undersigned's staff contacted the Clerk of the Louisiana Supreme Court and confirmed that plaintiff had filed no applications whatsoever in that court. Because the Louisiana Supreme Court has never been afforded a "fair opportunity" to pass upon plaintiff's habeas claims, those claims would not be exhausted.

### III.  Federal Civil Rights Claims

That said, plaintiff also requests that he be awarded "reasonable compensation."[4] Compensatory damages obviously can be awarded in a lawsuit filed pursuant to 42 U.S.C. § 1983. However, plaintiff is not currently entitled to pursue his § 1983 "wrongful conviction" claims for the following reasons.

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply

---

[4] Rec. Doc. 3, p. 5.

> the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted).  Claims barred by Heck are legally frivolous.  See Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996); see also Anderson v. Galveston County District Clerk, 91 Fed. App'x 925 (5th Cir. 2004); Kingery v. Hale, 73 Fed. App'x 755 (5th Cir. 2003).

A judgment in plaintiff's favor on his wrongful conviction claims would necessarily imply the invalidity of his outstanding state court conviction; therefore, Heck bars him from pursuing those claims until such time as his conviction is invalidated.  See Myers v. Swindle, 454 Fed. App'x 322, 323 (5th Cir. 2011) ("[A] judgment in favor of Myers regarding his claims of malicious prosecution and wrongful conviction would imply that his conviction is invalid.  As such, the district court did not err in determining that Myers's claims for malicious prosecution and wrongful conviction are barred by Heck.").

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims for "wrongful conviction" be dismissed with prejudice to their being asserted again until the Heck conditions are met.[5]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from

---

[5] See DeLeon v. City of Corpus Christi, 488 F.3d 649, 657 (5th Cir. 2007) ("A preferred order of dismissal in Heck cases decrees, 'Plaintiffs claims are dismissed with prejudice to their being asserted again until the Heck conditions are met.'").

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

    New Orleans, Louisiana, this twenty-second day of June, 2017.

                                                         _____
                                                         **JANIS VAN MEERVELD**
                                                         **UNITED STATES MAGISTRATE JUDGE**